# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDWARD ELRY MORRISON,

    Petitioner,

vs.

JIM BENEDETTI, Acting Warden, et al.,

    Respondents.

Case No. 3:07-CV-00295-LRH-(VPC)

**ORDER**

    Respondents have submitted a Motion for Enlargement of Time (Fourth Request) (#17). The Court grants the motion because of counsel's unexpected realization that the state court did not send him the entire record, and because Respondents have since filed their Motion to Dismiss (#20).

    Petitioner has submitted a Motion for Entry of Default Judgment or Alternatively for Judgment on Merits of Petition (#18). Default judgment does not exist in federal habeas corpus. <u>Gordon v. Duran</u>, 895 F.2d 612 (9th Cir. 1990). The Court denies Petitioner's alternative request because Respondents first need to file an answer.

    Petitioner has submitted a Motion to Strike Respondents' Motion to Dismiss (#24). Petitioner argues that Respondents did not have leave to file a motion to dismiss.[1] A motion to dismiss is an acceptable method for Respondents to raise procedural defenses like exhaustion and

---

[1] Petitioner makes the same argument in his Opposition to Motion to Dismiss (#23).

procedural default. White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989). The Court denies the Motion to Strike (#24).

In their Motion to Dismiss (#20), Respondents argue that Grounds 1 and 3 of the Petition (#2) are unexhausted or procedurally defaulted. The Court grants the motion in part because part of Ground 3 is procedurally defaulted.

A jury in the Eighth Judicial District Court of the State of Nevada found Petitioner guilty of burglary and petit larceny. The court found Petitioner to be a habitual criminal pursuant to Nev. Rev. Stat. § 207.010. Ex. 7 (#21-4, p. 8).[2] Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 17 (#21-6, p. 20). Petitioner then filed in state court a post-conviction habeas corpus petition. Ex. 19 (#21-7, p. 2). The district court denied the petition. Ex. 22 (#21-8, p. 30). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 24 (#21-9, p. 2).

Petitioner then commenced this action. The Court summarily dismissed Count I because it was a Fourth Amendment search-and-seizure claim, and Petitioner had the opportunity to litigate the claim in state court. Order (#6) (citing Stone v. Powell, 428 U.S. 465, 481-82 (1976)). The Court served the Petition (#2) upon Respondents for a response to the remaining claims.

Respondents arguments with respect to Ground 1 are moot because the Court has already dismissed that ground.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal

---

[2]Page numbers in parentheses refer to the Court's computer images of the documents.

1 constitution or statutes or cited to federal case law." <u>Lyons v. Crawford</u>, 232 F.3d 666, 670 (9th Cir.
2 2000) (emphasis in original), <u>amended</u>, 247 F.3d 904 (9th Cir. 2001). Citation to state case law
3 which applies federal constitutional principles will also suffice. <u>Peterson v. Lampert</u>, 319 F.3d
4 1153, 1158 (9th Cir. 2003) (<u>en banc</u>). "The mere similarity between a claim of state and federal
5 error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional
6 principles, such as due process, equal protection, and the right to a fair trial, are insufficient to
7 establish exhaustion." <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Ground 3 has two components. First, Petitioner claims that he received ineffective assistance at trial, at sentencing, and on direct appeal. Second, Petitioner claims that the trial court violated Petitioner's right to a speedy trial. Petitioner presented both of these claims to the state courts in his state habeas petition. Ultimately, the Nevada Supreme Court disposed of the ineffective-assistance claim on the merits. Ex. 24, pp. 1-9 (#21-9, pp. 2-10). That claim is exhausted. The Nevada Supreme Court determined that the speedy-trial claim was procedurally barred pursuant to Nev. Rev. Stat. § 34.810 because Petitioner could have raised it on direct appeal. Ex. 24, p. 9 (#21-9, p. 10). Regardless of the procedural bar, Petitioner presented the speedy-trial claim to the state courts, and it is exhausted.

Respondents also argue that Ground 3 is procedurally defaulted. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. <u>Coleman v. Thompson</u>, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

<u>Id.</u> at 750; <u>see also</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 485 (1986). The ground for dismissal upon which the Nevada Supreme Court relied in this case is an adequate and independent state rule. <u>Vang v. Nevada</u>, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810).

-3-

The Nevada Supreme Court disposed of the ineffective-assistance claim solely upon the merits. That claim is not procedurally defaulted.

The Nevada Supreme Court did find that the speedy-trial claim was procedurally barred pursuant to Nev. Rev. Stat. § 34.810 because Petitioner could have raised it on direct appeal. This claim is procedurally defaulted. Petitioner does not argue that cause and prejudice exist to excuse the procedural default. The Court dismisses the speedy-trial claim of Ground 3.

IT IS THEREFORE ORDERED that Respondents' Motion for Enlargement of Time (Fourth Request) (#17) is **GRANTED**.

IT IS FURTHER ORDERED that Petitioner's Motion for Entry of Default Judgment or Alternatively for Judgment on Merits of Petition (#18) is **DENIED**.

IT IS FURTHER ORDERED that Petitioner's Motion to Strike Respondents' Motion to Dismiss (#24) is **DENIED**.

IT IS FURTHER ORDERED that Respondents' Motion to Dismiss (#20) is **GRANTED** in part. The speedy-trial claim in Ground 3 is **DISMISSED** as procedurally defaulted.

IT IS FURTHER ORDERED that Respondents shall have forty-five (45) days from the date on which this Order is entered to answer to the Petition. Respondents shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED this 17th day of July, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE